IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STREET TALK TUNES, et al.,

    Plaintiffs,                        No. CIV S-05-2401 FCD JFM

    vs.

VACAVILLE RECREATION CORPORATION, and SANDY ERLE,[1]

    Defendants.                  FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff's motion for entry of default judgment came on regularly for hearing April 13, 2006.  Forrest Plant, Jr. appeared for plaintiffs.  No appearance was made for defendants Vacaville Recreation Corporation or Sandy Erle.  Upon review of the motion and the supporting documents, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS AND RECOMMENDATIONS:

        This is an action for infringement of copyright by unauthorized public performances of six songs by defendants on September 30, 2005, at their place of business

---

[1] Defendant Glenn Beddow was dismissed from this action on February 1, 2006.

1

known as Vacaville Skating Center located at 551 Davis Street, Vacaville, California. Defendants own, operate, control, manage and maintain the Vacaville Skating Center.

I. Request for Default Judgment

The complaint in this matter was personally served upon defendants December 7, 2005. Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction). Defendants have not filed an answer. The clerk of the court entered default against defendants on January 27, 2006. Plaintiff's present motion for entry of default judgment were served by mail on defendants at their last known address. Defendants filed no opposition to the motion for entry of default judgment and entered no appearance at the hearing.

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). Entry of default judgment is proper where, as in the present case, the facts established by the default support the causes of action plead in the complaint. The complaint and the affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiffs are entitled to the relief requested in the prayer for default judgment, which does not differ in kind from the relief requested in the complaint. Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir.), cert. denied, 419 U.S. 832 (1974). There are no policy considerations which preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986). Plaintiff's are entitled to entry of default judgment. See Controversy Music v. Shiferaw, 2003 Copyright L.Dec. (CCH) ¶ 28,651 (N.D. Cal. 2003).

II. Relief Requested

    A. Injunctive Relief

Title 17 U.S.C. § 502(a) permits the court to grant final injunctions "to prevent and restrain infringement of a copyright." The court in Broadcast Music, Inc. v. Niro's Palace, Inc., 619 F.Supp. 958, 963 (N.D.Ill.1985), held:

> A permanent injunction is especially appropriate where a threat of continuing infringement exists . . . The threat of continuing infringement is substantial in the present case. Niro's provided unauthorized performances of copyrighted musical compositions on its premises after receiving oral and written notices of infringement and demands to stop such infringement from BMI. This behavior indicates a willful disregard of copyrights held by BMI and should be permanently enjoined.

Id.

In this case, plaintiffs have provided sufficient evidence that defendants have continued to infringe the copyrights of certain musical compositions after repeated notice and requests that they stop and defendants have failed to provide any evidence proving non-infringement. Accordingly, defendants should be enjoined from performing any ASCAP[2] songs without prior authorization.[3]

### B. Statutory Damages.

Title 17 U.S.C. § 504(c)(1) states that a plaintiff may elect to receive an award of statutory damages "in a sum of not less than $750 or more than $30,000" in lieu of an award of the plaintiff's actual damages and the defendant's profits. In addition, "[i]n a case where the copyright owner sustains the burden of proving . . . that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

Where defendants have ignored or disregarded notices of the need for licensing, willful infringement has been found. In International Korwin Corp. v. Kowalczyk, 855 F.2d 375, 380 (7th Cir.1988), the court upheld the district court's finding of willful infringement due to

---

[2] Although ASCAP is not a party hereto, courts have recognized that plaintiffs are representative of all of ASCAP's members. See Pedrosillo Music, Inc. v. Radio Musical, Inc., 815 F.Supp 511, 516 (1993); Southern Nights Music Co. v. Moses, 669 F.Supp. 305 (C.D. Cal. 1987).

[3] The court may grant a permanent injunction to plaintiffs even though it enjoins defendants from infringing any of plaintiffs' copyrighted works, existing or created in the future, including, but not limited to, those listed in Schedule A to the complaint. Sony Music Entm't, Inc., 45 F.Supp.2d 1345, 1347-48 (S.D.Fla.1999); Princeton Univ. Press v. Michigan Document Serv., Inc., 99 F.3d 1381, 1392-93 (6th Cir.1996) (holding the weight of authority supports the extension of injunctive relief to future works).

substantial evidence that the defendant repeatedly ignored notices of the infringement. The trial court stated:

> In the present case, defendant violated the copyright laws despite ASCAP's repeated efforts--by letter, telephone, and personal visits--to license defendant's establishment.  Defendant's initial refusal may have come from ignorance of the intricacies of copyright law.  However, defendant certainly came to understand his obligations under the law.  Yet, his answer, time and time again, was essentially--"Sue me. I am never going to join."  Given this cavalier attitude, the defendant's infringing conduct can only be described as willful.

International Korwin Corp. v. Kowalczyk, 665 F.Supp. 652, 659 (N.D.Ill.1987)($1,500.00 per infringement); see also Chi-Boy Music v. Charlie Club, Inc., 930 F.2d 1224, 1227-28 (7th Cir.1991) (approximately $3,100.00 per infringement).

The evidence presented by plaintiffs in this case indicates that defendants willfully and intentionally violated plaintiffs' copyrights.  Despite repeated attempts by plaintiffs to get defendants to stop using the copyrighted materials or to take a license for their use, defendants persisted in playing the musical compositions and ignoring plaintiffs' requests.  Defendants have failed to present any evidence refuting this argument.

The court therefore finds an increase in statutory damages due to willful infringement to be appropriate. Accordingly, plaintiffs' request that a statutory award in the amount of $1,250.00 per infringement is granted, for a total award of $7,500.00.

### C. Attorneys' Fees and Costs.

Title 17 U.S.C. § 505 provides that the court "in its discretion may allow the recovery of full costs . . . [and] may also award a reasonable attorney's fee to the prevailing party as part of the costs." Plaintiffs request that the court award $663.00 in attorneys' fees and $374.30 in costs in this action totaling $1,037.30. The Ninth Circuit has identified several "[c]onsiderations which justify the denial of [attorney's] fees [to prevailing plaintiffs]," including (1) "the defendant's status as [an] innocent, rather than willful or knowing, infringer," (2) "the

/////

plaintiff's prosecution of the case in bad faith," and (3) "the defendant's good faith attempt to avoid infringement." McCulloch v. Albert E. Price, Inc., 823 F.2d 316, 323 (9th Cir.1987).

The court finds that in light of these factors and defendants' willful and intentional infringement of the copyrights, an award of reasonable attorneys' fees and costs to plaintiffs is appropriate. As the court in Broadcast Music, Inc., 619 F.Supp. at 963-64 (citations omitted), stated:

> A plaintiff is entitled to recover costs and attorney's fees for willful copyright infringement.... In the present case, an award of costs and reasonable attorney's fees is justified because if Niro's had heeded BMI's warnings either to enter a license agreement or to stop playing copyrighted music, this litigation would have been wholly unnecessary. In addition, Niro's repeatedly rebuffed offers to resolve this dispute prior to the commencement of litigation. . . . Thus, Niro's was not an innocent infringer, and costs and reasonable attorney's fees are appropriate.

Id. See also Rilting Music, Inc. v. Speakeasy Enterprises, Inc., 706 F.Supp. 550, 558 (S.D.Ohio 1988)(awarded $3,000.00 in attorneys fees); Hulex Music v. Santy, 698 F.Supp.1024, 1032 (D.N.H.1988)(awarded $7,612.50 in attorneys fees). Accordingly, plaintiffs' request for reasonable attorneys fees and costs totaling $1,037.30 should be granted.

A proposed judgment has been lodged by plaintiff and is approved as to form and substance. (Docket No. 19.)

In view of the foregoing findings, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' February 9, 2006 motion for entry of default judgment be granted;

2. Defendants Vacaville Recreation Corporation and Sandy Erle, and any persons acting by or on behalf of defendants, be enjoined from performing publicly, or causing or permitting to be performed publicly, any copyrighted musical compositions owned by any of the plaintiffs, and any other copyrighted musical compositions in the repertory of the American Society of Composers, Authors and Publishers ("ASCAP") at any establishment owned, controlled, operated or managed by defendants, without permission obtained directly from the

/////

copyright owners of such compositions in advance of such performances, or license from ASCAP.

3. Plaintiffs be granted $7,500.00 in statutory damages and $1,037.30 in attorneys fees and costs, for a total judgment in the amount of $8,537.30.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 18, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

001; streetalk.def